\* E-filed 9/22/06 \*

Barry Milgrom, State Bar No. 99961
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
bmilgrom@luce.com

Attorneys for Carol Wu,
Trustee in Bankruptcy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>COM21, Inc.<br><br>    Debtor.<br><br>CAROL Wu, Trustee in Bankruptcy of the Estate of Com21, Inc.,<br><br>    Plaintiff.<br>vs.<br><br>BROOKS & RAUB, a California Professional Corporation; DAVID S. CAPLAN; L. DONALD RAUB, JR.; LINCOLN A. BROOKS; PENN AYERS BUTLER; LAW OFFICES OF DAVID M. SEREPCA, P.C.; AND DAVID M. SEREPCA<br><br>    Defendants. | District Court No. CV04-03396 RMW<br><br>**ORDER APPROVING COMPROMISE OF CONTROVERSY, INCLUDING REQUEST FOR APPROVAL OF FEES AND COSTS OF DEBTOR'S COUNSEL**<br><br>Date:   September 22, 2006<br>Time:   9:00 a.m.<br>Place:  280 South First Street<br>         San Jose, CA 95113<br>Ctrm:  4th Floor, #6 |

    Carol Wu, trustee in bankruptcy of the estate of Com21, Inc. ("Trustee"), filed her Motion to Approve Compromise of Controversy, Including Request For Approval Of Fees And Costs Of Debtor's Counsel ("Motion"). The Motion duly came on for hearing on September 22, 2006 at 9:00 a.m. The Court heard the arguments of counsel and considered the record herein.

    IT IS HEREBY ORDERED as follows:

    1.    Notice of the Motion is appropriate under the circumstances.

    2.    The Motion is granted.

3. The Settlement Agreement & Mutual Release ("Agreement"), a true copy of which is attached hereto as Exhibit A, is approved in its entirety.

4. The Agreement and this Order are binding on the parties to the Agreement, the Com21 bankruptcy estate and all creditors of Com21 and other parties in interest.

5. Brooks & Raub, a California Professional Corporation ("B&R"), is allowed, as a final award under Bankruptcy Code § 330, fees in the amount of $95,630.83 and expenses in the amount of $8,653.14, for a total award of $104,283.97, for fees and expenses incurred between July 15, 2003, the commencement date of the Com21, Inc. Chapter 11 case, and December 10, 2003, the date the Com21, Inc. Chapter 11 case was converted to a Chapter 7 case.

6. B&R is entitled to retain the $150,000 deposit paid to it prior to July 15, 2003, the date of the filing of the Chapter 11 petition initiating the Chapter 11 case of Com21, Inc.

7. This Court has jurisdiction to rule on this Motion and to approve the Agreement and the allowance of fees and costs of B&R.

8. The Trustee is authorized to take any and all actions and execute any and all documents necessary or appropriate to carry out the intents and purposes of the compromise as set forth in the Agreement.

DATED:  9/22/06

*Ronald M Whyte*
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

204329.1

## **SETTLEMENT AGREEMENT & MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between (1) Carol Wu, in her capacity as Trustee in Bankruptcy of the Estate of Com 21, Inc. [hereinafter the "Trustee"], and (2) Brooks & Raub, a California professional corporation [hereinafter "B&R"], and David S. Caplan, L. Donald Raub, Jr., Lincoln A. Brooks, Penn Ayers Butler, Law Offices Of David M. Serepca, P.C., and David M. Serepca, [hereinafter the "Individual Defendants"].  B&R and the Individual Defendants shall be referred to hereinafter collectively as "Defendants."  All references to Defendants shall be to them jointly and severally, and shall include all Defendants, and each of them.

This Agreement is made with reference to the following facts:

## RECITALS

A. On July 15, 2003 ["Petition Date"], Com 21, Inc., a California corporation [hereinafter "Com 21"] commenced a case under Chapter 11 of the Bankruptcy Code identified as Case No. 03-54533-MM [hereinafter the "Com 21 Bankruptcy Case"].  The Com 21 Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division [hereinafter the "Bankruptcy Court"].

B. In connection with services rendered to Com 21 before the Petition Date and rendered to Com 21 as debtor in possession after the Petition Date, Com 21 paid B&R a deposit of $150,000.  As of the Petition Date, $45,716.03 of such deposit was applied in payment of fees for services rendered to Com 21 and costs incurred in connection therewith by B&R prior to such date, and the balance of the deposit was $104,283.97 on the Petition Date.

C.  On December 10, 2003, the Com 21 Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code, and Trustee became the acting and qualified Trustee in Bankruptcy of the estate of Com 21, Inc.

D.  On July 14, 2004, Trustee filed an adversary proceeding in the Bankruptcy Court, AVP No. 04-5243, against B&R and the Individual Defendants [hereinafter the "Adversary Proceeding"].  The Adversary Proceeding asserted claims for (i) general damages for legal

malpractice, (ii) attorney fees and costs, (iii) disgorgement and forfeiture of all fees received or incurred by B&R in its representation of Com 21, and (iv) disgorgement of all funds advanced to B&R by Com 21.  B&R and the Individual Defendants in the Adversary Proceeding thereafter moved to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court and to have the same heard in the United States District Court for the Northern District of California, San Jose Division [hereinafter the "District Court"].

   E.  On July 6, 2005, the District Court granted the motion of B&R and the Individual Defendants and withdrew the reference.  The Adversary Proceeding has since proceeded as a civil action in the District Court, Case No. CV 04-03396 RMW [hereinafter the "Civil Action"].  The Adversary Proceeding, in light of the withdrawal of the reference, has been closed by the Bankruptcy Court.

   F.  Subject to the approval of the District Court, after notice and hearing to creditors of Com 21 and other parties in interest in the Com 21 Bankruptcy Case, the parties hereto have mutually agreed to settle their disputes and differences, to terminate the Civil Action and to foreclose further potential litigation in order to avoid lengthy and costly proceedings, attorneys' fees and related costs.

   NOW, THEREFORE, for good and valuable consideration, including the mutual covenants contained herein, it is agreed as follows:

### AGREEMENT

   1. <u>Recitals Incorporated</u>.  The above Recitals are incorporated by reference.

   2. <u>District Court Approval Absolute Condition Precedent</u>.  This Agreement is subject to issuance of an order by the District Court, after notice and hearing to creditors of Com 21 and other parties in interest, which provides that:

    (a) this Agreement is approved in its entirety; and

    (b) this Agreement and the order are binding on the parties, the Com 21 bankruptcy estate, and all creditors of Com 21 and other parties in interest; and
contain the provisions set forth in paragraphs 3(b)(i) and (ii) below.

-3-

If the foregoing District Court order ("District Court Order") is not issued, this Agreement shall be null and void.  If the District Court Order is issued, this Agreement shall be effective when the District Court Order becomes a Final Order.  A Final Order means an order for which (1) at least sixty one days (*i.e.*, the time for appeal) have passed since the entry of the District Court Order, and (2) no stay pending appeal of the District Court Order has been entered or, if such a stay was entered, the appeal on which it was entered has been finally and fully resolved and the validity of the District Court Order upheld.

   3. <u>Economic Settlement Terms</u>.  The following economic terms are mutually dependent:

    (a) <u>Payment of Settlement Amount</u>.  B&R shall cause to be paid to the Trustee the sum of $385,000 (THREE HUNDRED EIGHTY FIVE THOUSAND DOLLARS) not later than ten (10) court days after the date on which the District Court Order becomes a Final Order.  Payment shall be made to the attorney-client trust account of Law Offices of Robert E. White [hereinafter "Trustee's Counsel"].  Trustee's counsel is hereby authorized to accept payment of the foregoing sum as agent for Trustee.

    (b) <u>Allowance of B&R Fees and Costs</u>.  Specifically in connection with the Second Claim for Relief stated in the complaint in the Civil Action, the motion requesting approval of this Agreement shall include requests for the following, which must be granted in full for this Agreement to be effective:

     (i) allowance under §330 of the Bankruptcy Code of fees and costs incurred by B&R in its representation of Com 21 in the Com 21 Bankruptcy Case in the amount of $104,283.97 [hereinafter "B&R Allowed Fees"].  This amount shall be paid from the $150,000 deposit received by B&R. Neither the Trustee nor the bankruptcy estate of Com21 shall have any further obligation to pay or any further liability with respect to the B&R Allowed Fees; and

     (ii) finding by the District Court that B&R is entitled to retain the $150,000 deposit paid to it prior to the Petition Date.

(c) <u>Representations with respect to Fees and Costs</u>.  B&R represents that, if this Agreement is approved, it is waiving any attorney's fees and costs incurred by B&R in excess of the $150,000 retainer amount, an amount estimated to be approximately $7,000. The Trustee represents that she has reviewed the Statement in Support of Approval of Settlement Agreement Regarding Allowance of Fees and Costs Incurred by Brooks & Raub, A Professional Corporation, in Representation of Debtor filed with respect to this Agreement and that she has no opposition to allowance of the fees and costs referenced in the preceding paragraph (b).

4. <u>General Releases</u>.  Except for the obligations created by this Agreement, Trustee (for herself and the Com 21 bankruptcy estate) and Defendants, on behalf of themselves and on behalf of all and each of their respective officers, directors, employees, agents, vendors, insurers, attorneys, shareholders, affiliates, successors, heirs, and assigns, hereby release and forever discharge any and all other persons, firms, associations, or corporations who are parties to this Agreement, together with any and all of their officers, directors, employees, agents, vendors, attorneys, shareholders, affiliates, successors, heirs, assigns, and insurers who are or may ever become liable to the releasing parties from any and all claims, demands, damages, actions and causes of action, and recoveries of every kind, known or unknown, arising out of or in any way connected with the Civil Action and/or the claims that were or could have been asserted therein.

5. <u>Covenant Not To Sue</u>.  Except in connection with the enforcement of rights created by this Agreement, the parties agree never to commence, aid in any way, prosecute or cause or permit to be commenced, any action or proceeding at law, in equity or otherwise in any court or jurisdiction based on any of the claims covered by or referred to in the preceding paragraph.  If any such action or proceeding is instituted, this Agreement may be pleaded as a full and complete defense thereto.

6. <u>Waiver of Unknown Claims</u>.  The parties hereby acknowledge that there is a risk that, subsequent to the execution of this Agreement, they may incur, suffer or sustain injury, loss, damage, costs, attorneys' fees, expenses, or any of these, which were in some way caused by or connected with the persons, entities or matters referred to in this Agreement or that were or could

have been asserted in the Civil Action.  The parties also acknowledge that different or additional facts may be discovered in addition to what they now know, believe to be true, or might anticipate with respect to the matters herein released.  The parties further acknowledge that there is a risk that such damages as are presently known may become more serious than they now expect or anticipate.

Nevertheless, the parties expressly agree that this Agreement has been negotiated and agreed upon in light of those realizations, and they hereby expressly waive all rights which they may have or hereafter acquire on account of such new, undiscovered or unsuspected damages or facts.

In so doing, each of the parties has had the benefit of his, her or its own legal counsel, and has been advised of, understands and knowingly, voluntarily and specifically waives all rights he, she or it may have under California Civil Code, Section 1542, which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

7.     Compromise.  This Agreement was the result of a mediation conducted under the auspices of the District Court by Pamela Phillips, Esq., and voluntary settlement negotiations between the parties. This Agreement and the consideration given herein are the result of a compromise between the parties and shall never at any time or for any purpose be considered an admission of liability, fault or responsibility by any party to another, or any of their respective agents, employees, attorneys, successors, assigns, shareholders, officers, directors, subsidiaries, and affiliates; any such liability is expressly denied and disclaimed.  It is expressly acknowledged and understood by the parties to this Agreement that Defendants continue to deny all liability, fault and/or responsibility for the matters alleged in the Civil Action.  Without limiting the foregoing, neither the settlement of the Civil Action, the waiver of attorney's fees and/or costs, any payment made by or on behalf of any party hereunder, nor any other thing contained in this Agreement shall be taken or construed to be an inference or admission by any party with respect to any of the claims asserted or which could be asserted in the Civil Action either by the Trustee or Defendants and the parties hereto expressly deny and disclaim any such liability.

8. <u>Dismissal with Prejudice.</u> The Trustee, upon the District Court Order becoming a Final Order, and upon the Trustee's receipt of $385,000 (Three Hundred Eighty Five Thousand Dollars), agrees to dismiss with prejudice the Civil Action, including a dismissal with prejudice of B&R and the Individual Defendants.  The parties, by and through their respective attorneys, agree to sign and file a Stipulation for Dismissal with prejudice with the District Court within five (5) days after the District Court Order becomes a Final Order.  The dismissal with prejudice, to be entered pursuant to this Agreement, shall supersede and replace any prior Request for Dismissal and any order for dismissal that may have been or may be entered by the District Court before the District Court Order becomes a Final Order.  Dismissal of the Civil Action shall not abate or limit the effectiveness of the District Court Order, including the releases set forth herein and the allowance of the B&R Allowed Fees under §330 of the Bankruptcy Code.

9. <u>No Transfers</u>.  The parties hereby represent that as of the date hereof they have not transferred, conveyed, alienated, or suffered to be transferred, conveyed or alienated, any claims or causes of action herein released, or any portion thereof.

10. <u>Complete Agreement & Voluntary Execution</u>.  This Agreement contains the entire agreement and understanding among the parties concerning the subject matter hereof and supersedes and replaces all prior negotiations, proposed agreements and agreements, written or oral. Each party represents that he, she or it has carefully read the Agreement, knows and understands the content and consequences thereof, and signs the same of his, her or its own free act, with full consideration and advice of legal counsel and without any mistake, duress or undue influence.  In making this Agreement, each party relies upon his, her its own judgment, belief and knowledge, and has not been influenced in any way by any representations or statements not set forth herein regarding the contents hereof by the persons or entities who are hereby released, or by anyone representing them.

11. <u>Construction of Agreement</u>.  This Agreement is the product of negotiations and preparation by and among the parties and their respective attorneys.  The parties therefore expressly acknowledge and agree that this Agreement shall not be deemed prepared or drafted by

one party or another, or their attorneys, and will be construed accordingly. In construing the deadlines for performance in this Agreement, time is of the essence.

        12.    <u>Modification and Waiver</u>. No modification or waiver of any of the provisions of this Agreement shall be valid and enforceable unless such modification or waiver is in writing and signed by the party to be charged and, unless otherwise stated therein, no such modification or waiver shall constitute a modification or waiver of any other provision hereof (whether or not similar) or constitute a continuing waiver.

        13.    <u>Attorneys' Fees</u>. Each party shall bear his, her or its own costs and attorneys' fees incurred in connection with this Agreement, the Adversary Proceeding and the Civil Action.

        14.    <u>Governing Law and Enforcement</u>. This Agreement shall be construed and enforced pursuant to the laws of the State of California.

        15.    <u>Counterparts; Facsimile Signatures</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute a single agreement. Signatures transmitted by facsimile transmission may be used with the same force and effect as manually signed documents.

        16.    <u>Headings</u>. The headings in this Agreement are intended solely for convenience of reference and shall be given no effect in the construction or interpretation of this Agreement.

        17.    <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of each party hereto and their respective heirs, successors and assigns, including any successor trustee in the Com 21 Bankruptcy Case.

DATED: August ___, 2006.                      BROOKS & RAUB, a professional corporation

                                          By: _____
                                               Lincoln A. Brooks President/CEO

                                          By: _____
                                             L. Donald Raub, Jr., Secretary

DATED:  August ___, 2006.

                                                             DAVID S. CAPLAN

DATED:  August ___, 2006.

                                                             L. DONALD RAUB, JR.

DATED:  August ___, 2006.

                                                             LINCOLN A. BROOKS

DATED:  August ___, 2006.

                                                             PENN AYERS BUTLER

DATED:  August ___, 2006.             LAW OFFICES OF DAVID M. SEREPCA, P.C.

                                                             By: _____
                                                                   [print name here], President/CEO

                                                            By: _____
                                                                  [print name here], Secretary/Equivalent

DATED:  August ___, 2006.

                                                             DAVID M. SEREPCA

DATED: August ___, 2006.

                                                             CAROL WU, Trustee in Bankruptcy of
                                                             the Estate of Com 21, Inc.

-9-

APPROVED AS TO FORM

DATED: August __, 2006		LAW OFFICES OF ROBERT E. WHITE

					By: _____
					    ROBERT E. WHITE
					    Attorneys for Trustee

DATED: August ___, 2006.		ROBINSON & WOOD, INC.


					By: _____
					    MARGARET M. SCHNECK
					    Attorneys for Defendants

-9-